Our next case is G.G. v. Salesforce, case number 22-2621. Hold on for one second, Mr. Warren, it will need for counsel to be ready. Okay, Mr. Warren, whenever you're ready. May it please the court, my name is Warren Harris and I represent the appellant in G.G. The Supreme Court heard argument yesterday in Gonzales v. Google on the scope and interpretation of Section 230c-1. Because the Supreme Court's decision in that case will almost certainly affect the threshold question, I would like to focus my argument today on FOSTA. Congress in FOSTA added Section 230e-5a to preserve Section 1595 claims arising out of sex trafficking. That is the claim at issue here. This court should reverse the dismissal of plaintiff's Section 1595 claim and remand to give plaintiff the opportunity to prove her claim on the merits. Congress explicitly amended Section 230 in FOSTA to preserve Section 1595 claims arising out of sex trafficking. The relevant language added by FOSTA appears in Section 230e-5a and states that nothing in this section shall be construed to impair or limit any claim in a civil action brought under Section 1595 if the conduct underlying the claim constitutes a violation of Section 1591. Mr. Harris, isn't that the problem that you have in this case? Let's forget 230 and forget the FOSTA amendment altogether. If you get to 1595, you have to allege that Salesforce knew or should have known that the venture violated 1591. Right? Yes. Agree with me. But in order to allege that Salesforce knew or should have known that the venture violated 1591, you have to allege that Salesforce knew that Backpage violated the elements of 1591, not just 1591 in the abstract. So you have to be able to allege that Salesforce knew that Gigi was under the age of 18 and was sex trafficked. And to me, that's the problem that you have. From the standpoint of, look at this accomplice liability under 18 U.S.C. Section 2. In order to prove accomplice liability in, say, a 922 gun case, you have to establish that the accomplice knew that the defendant, the person who possessed the firearm, was prohibited. In other words, that they violated the elements of 922G. And here, why is that not the same? Why do you not have to allege that Salesforce violated the elements of—or Salesforce knew or should have known that Backpage violated the specific elements of 1591? Because of the language of Section 1595, John. This is not a criminal case. It's not— Okay. Tell me exactly what language. I'll look at the statute here. Exactly what language? An individual who's a victim of a violation of this chapter may bring a civil action against the perpetrator. Here's the relevant part for a beneficiary liability claim. Or whoever knowingly benefits financially or by receiving anything of value from participation in a venture which that person knew or should have known engaged in an act in violation of this chapter. I don't believe there is anything in that provision that requires, in the civil context, in beneficiary liability, anything that requires the civil defendant to know of the specific victim that was trafficked. But doesn't the language, that person knew or should have known, has engaged in an act of violation of that chapter? In other words, the way I read that is Salesforce knew or should have known, okay, that either Salesforce or Backpage or the venture, that doesn't matter. Right. Salesforce knew or should have known that the venture, let's say, has engaged in an act in violation of this chapter. The only act in violation of this chapter is 1591. Well, I agree with that, I think. Right, Mr. Harris? You're right. I mean, 1591 is the only— So in order to know that someone has engaged in an act in violation of this chapter, why do they not then know that they have to have violated the elements of the chapter, or of 1591A? Because this is a civil claim which doesn't require that level of knowledge. If it were a 1591 violation, of course it would— But it says it right there. I mean, it says knew or should have known. And to me, that means what it says. Knew or should have known means knew or should have known. Now, you can argue should have known a little easier than known, but I don't know how you can allege the violation of 1591 under either the knew or should have known because I don't think you have any allegation that Salesforce even should have known of Gigi or that she was under the age of 18 or that she was sex trafficked. You're right, Your Honor. There's been no discovery taken in this case, and we don't have any—there's nothing in the complaint that Salesforce itself knew of Gigi specifically. That's correct. But in paragraph 86 of the amended complaint, it states that Salesforce knew or should have known that many of the persons posted for sale on Backpage, including plaintiff, were forced into sex trafficking and or were minors. That's paragraph 86. And so the allegation that Salesforce made is that Salesforce had constructive knowledge of the venture. That's why it was analogous in the argument to ML. Yes, Your Honor. We believe Salesforce did have knowledge of the venture. The sex trafficking venture is what Salesforce was engaged in with Backpage, and it's the venture that violates 1591. And we believe that's all that we have to prove is the venture is violating section 1591 without a requirement that the beneficiary know of the specific person trafficked. But it has to have constructive knowledge. And so, in essence, what you're arguing is that because of the venture itself, the constructive knowledge of the venture, that Backpage was engaging in trafficking of minors, it was inevitable that Gigi, plaintiff, including, would have been, in essence, inevitably trapped in or could have become a part of this trafficking venture. Yes, Your Honor. So it's the constructive knowledge. Yes, Your Honor. And if you applied it where there had to be actual knowledge of the specific victim, if that were the standard under 1595 for beneficiary liability, it would be the rare case indeed that anyone would ever prove liability under the statute. No doubt. Do we expect that kind of specificity, for example, in holding a bank liable for money laundering? It doesn't have to know about the specific drug transactions, does it? I don't believe it does, Your Honor. Let me ask you, Mr. Harris, this is a very unusual statutory provision. I've never seen it before. But Judge Kirsch was referring to, for example, accomplice liability under 18 U.S.C. Section 2. As I was looking at this, I'm thinking also of the material support for terrorism standard. And basically we seem to be, to me, I want to throw this out for comment, in essence, somewhere in between there. Participating in a venture is a little more demanding. I'm not sure how much more, but more demanding than providing material support for ISIS or al-Qaeda or something. But it's something well short of accomplice liability where you know about the elements and intend for that to succeed. Yes, Your Honor, I agree. Let me ask you what troubles me most about your side of the case. And that, in essence, is the line drawing problems. Both with respect, and the defense has brought this up. And this comes into play, for example, with the material support for terrorism comparison. What do we do with a company that sells computer servers to Backpage? What do we do with a restaurant that caters the monthly business meeting at their headquarters? What do we do with their banks or their landlords? In this case, it's so far over the line, there is no need for the court to engage in line drawing here. Because the participation is so extreme here that Backpage provided tools and software. It had meetings. I understand your point. But we have to draw lines and would at least, if we were to reverse, would at least have to give some hints about where those lines might lie for future cases so that lawyers can advise their clients. And we believe that it is this participation standard, which is not defined in the statute. In 1591, there is a participation that's defined for a criminal violation. But the courts have generally held that that standard should not be imported into the civil standard under 1595. So it's the standard of participation that the court has to look at. And again, in this case, with the knowledge, it's undisputed that Salesforce knew that or certainly it's well alleged in the complaint that Salesforce knew or at least should have known of the sex trafficking business of Backpage. Backpage was a sex trafficker. I don't think that's your problem in the complaint. I don't think 1595 is the problem in the complaint. I think the problem that you have is the specificity of 1591A. That's very, very specific. Congress was very specific that in order to violate 1591A, the allegation must include a particular person. And so that's where I think you have the biggest problem is once you get to 1591A, you can't allege that. And you admit that you can't allege that. We just have to ignore that element or say that you don't have to allege it. And then how do we draw the line? Does the girlfriend have to know that her boyfriend is prohibited? Does the getaway driver and the bank robbery have to know that they're – where – you know, the getaway driver can participate in a bank robbery. There's no question about that. Without knowing that a bank robbery was going on, right? What do we do about that? Well, a couple of points there, Your Honor. Again, civil standard, not a criminal standard, and we believe that makes a difference. But what – how does that make a difference when the mens rea is new or should have known? What difference does it make whether there's – you know, it's not reckless. It's not a negligent standard. It's new or should have known. So what difference does it make that this is a civil context rather than a criminal context other than the burden of proof? Under the language of 1595, looking at the language of the statute, engaged in a violation of the chapter. So it's engaged in a violation of 1591. All that is required is knowledge that – you know, new or should have known that the venture was trafficking, was engaging in a violation of the statute. And how does the venture violate 1591? The venture violates 1591 by engaging in criminal sex trafficking as defined in 1591.  Against a person. And again, it's new or should have known that it was engaging in sex trafficking. There is nothing in 1595 that requires you go back and tie it to a specific person or this specific plaintiff. But 1591 does say that. In order for you to establish that, it has to be against a person. And Backpage and the traffickers, the perpetrators, were engaged in sex trafficking against a person. They were doing – they engaged in sex trafficking against hundreds or probably thousands of persons. So that's a violation of the statute. That's all that's required to be shown. There is no requirement that we have to go and say – Does Salesforce then have to have constructive knowledge of that? Salesforce has to know or should have known of the trafficking, and we believe that is properly alleged here in the complaint. And that's a negligence standard, right? It's constructive. Should have known. Yes, it's constructive knowledge. It's unusual in criminal law. I would like to reserve my – some time for rebuttal, if I may, please. Yes, of course. I'm sorry. Can I ask one follow-up? Sure. Should we hold this case until the Supreme Court decides, Gonzalez? I believe you should, Your Honor. It's not clear from the argument exactly what the court might do, but it is expected by many to be a landmark 230 decision. And if the court doesn't hold it, it may well be that we're back here or back somewhere soon trying to reassess the 230 issue in light of Gonzalez. So I think that would be prudent. Thank you. Thank you, Mr. Harris. Ms. Lindsley. May it please the Court. Kristen Lindsley on behalf of Salesforce. Plaintiffs seek to hold Salesforce liable for alleged misconduct by Backpage, a company that, through an affiliate, subscribed to Salesforce's cloud-based customer relationship management software that is used by over 150,000 businesses, governments, and other entities. Cloud-based means that instead of information being stored on local servers, local computers, it's stored on Salesforce's Internet-based servers. It can be accessed by employees of the customer that is the software customer through the Internet. Ms. Lindsley, can we jump to just Section 230? How is Salesforce being, I guess, covered under 230? Is it the contention that Salesforce is being held out as a publisher? Well, there's two elements, Your Honor, that I think are embedded in your question. I'll start with the publisher part. Yeah. Salesforce is an interactive computer service, and I'll get to that in a moment because that's a definitional issue. So that's one element. And then are the plaintiff's claims treating Salesforce as a speaker or publisher of somebody else's content? And that's the way the statute says information provided by another content, information content provider. So the district court here found that, yes, Salesforce was being held, was being treated as a publisher by plaintiff's claim for two separate reasons. One, GG's harm, the only harm to GG that relates in any way to Backpage or to Salesforce in this case, are the ads that were posted by third parties on the classified ad website that Backpage offered. So those ads are third-party content that are posted by another information content provider, the traffickers. And plaintiff's claim is seeking to recover for harm to GG, and that harm flows directly and exclusively, at least from the standpoint of this case. Obviously, there were other actors involved. But the people in this case, the harm that's being attributed to Salesforce flows exclusively from that third-party content, the ads. Secondly, and separately, the district court correctly held that Salesforce was also being held liable for Backpage's own content. That is to say, customer data that Backpage allegedly gathered using- was engaged in sex trafficking. Right, but you still have to understand how that supposedly came about. The only- so just, if I could be clear, it's significant, I think, to look at what is not alleged in this case, because this is very important. Plaintiffs don't allege that Salesforce had anything to do with any of the ads that were posted for GG or anyone else. Salesforce had nothing to do with the website that Backpage operated, nothing. Salesforce had no involvement whatsoever in Backpage's content policies, by which it allegedly sanitized these illegal ads to hide the fact that they were ads for sex with minors. Nor do they- and in fact, if you look at paragraph 112 of the complaint, it itemizes all the things Backpage did wrong, including trafficking GG by accepting ads for her, receiving money on behalf of those ads for those ads from the traffickers, and engaging in this content sanitization process. Can we just direct as to what Salesforce did? That might help move us along a little bit. So if you- so my point is only that there's no allegation that any of that activity involved Salesforce or its software. So Salesforce is accused of helping Backpage with marketing activities. So what were the marketing activities? It was providing a database that allowed Backpage to put its customer contacts up on a secure, confidential, cloud-based database, and then to collect that information and post it up to the internet, and then to use that posted information to develop and send marketing email campaigns to its customers, okay? That's what they allege Salesforce helped with those activities. But what they allege is that Salesforce helped to do that by providing the software that allowed Backpage to do those activities. So Backpage was posting its own content up to the internet, onto the cloud-based system, and using that posted content to send marketing emails via Salesforce's Enterprise Edition CRM software. So that is the third-party content for which, under the district court's second theory, Salesforce is being held liable for Backpage's posting of its own content. That's third-party content. It wasn't generated by Salesforce, and they don't claim that it was. And then, likewise, marketing activities, marketing materials posted through Salesforce. How did the district judge then not use a but-for causation? Pardon? But-for Backpage posting this information, Salesforce would not be liable. How do we distinguish that from what you're arguing here, is that the marketing activity is what Salesforce engaged in, but still should be deemed a publisher? No, we're not saying Salesforce should be deemed a publisher. We're saying plaintiff's claims treat Salesforce as a speaker of that information. Speaker. In other words, they're holding Salesforce liable for the adverse effects of all of this marketing activity. Now, we allege, we claim, and I will argue when we get to 1595, that none of that establishes a trafficking claim. It just doesn't. It doesn't even come close. Can we decide the case on 1591 and not deal with 230 at all here? Yes. And, in fact, I'm happy to address that next, if that would help. Because I think the answer to Your Honor's last question is the court doesn't really need to wait for Gonzalez because the court can resolve this case under 1595 for failure to state a claim. Maybe, maybe not. But could I ask you about your 230 theory? Yeah. Would seem to let Backpage off the hook as well. No, it wouldn't at all, Your Honor, because in the Doe versus Backpage case, the First Circuit found that the allegations there did not state a 1595 claim against Backpage because it was barred by Section 230. It was that case, among others, that led Congress to take up the whole FOSTA amendment. Okay. Sorry, let me sharpen my question. Yes. Your theory about being deemed a speaker or publisher would seem to reach Backpage, a la the First Circuit's decision in Doe before FOSTA. Right. So let me answer that, too. I think that one of the anomalies of the First Circuit's decision in Backpage that was discussed to some extent in the legislative materials in FOSTA is footnote four. If you see in footnote four of Doe versus Backpage, the First Circuit decision, the court specifically says we are not addressing an argument that was raised only by the amici, but it was a correct argument, and people have commented on why Doe's lawyers didn't raise the argument, and it is that Backpage, by sanitizing the ads, editing the ads to remove words that would have flagged that this was an underage person and letting the ads run anyway, was itself creating the illegality of the content that made it not third-party content anymore. It was Backpage's illegal content that was sanitized to allow this illegal activity. So that's the first answer, and then obviously FOSTA is the second answer. They would not be. Right. Turning to 1595, could you explain to us where your theory and the Ninth Circuit's in the Reddit case, what effect your theory gives to the phrase in 1595, or whoever knowingly benefits financially or by receiving anything of value from participation in a venture which that person knew or should have known is engaged in an act in violation of this chapter? Because that seems to be adding potential defendants who are not perpetrators of 1591. What effect do you give that provision? Let me start with 1595, but I do think the two statutes are in some ways parallel. Both of them allow liability, criminal and civil, against the perpetrator first. Both of them allow participant and eventual liability against a participant in a venture, criminal and civil. So in many ways, 1595 mirrors the structure of 1591, as well as other provisions of that chapter. There's a sort of the perpetrator, and then there's the participant liability. But I also want to – I think that Judge Kirsch had it exactly right, that you can't have – that the whole knew or should have known that the venture violated 1591 requires knowledge that the activities that occurred that are being challenged actually violated the elements of 1591, and that includes the specific knowledge element relating to the person who was trafficked, that person's specific circumstances, including force or that they're underage, and also including that they were going to be engaged – caused to engage in commercial sex. So you have a direct correlation between the violation by the venture and the violation of 1591. And if that weren't enough, I think if you look at the – if you go back to the beginning of 1595, it says the – it says that there's a remedy to a victim of a violation of this chapter. So the words violation of this chapter are what create the remedy for the victim. And we think that further confirms the idea that the violation of this chapter committed by the venture has to be the same one that the victim is a victim of. In other words, 1595 itself confirms that the violation of the chapter that relates to the victim, it must be the same violation that the venture committed. Otherwise, the statute makes no sense because under another – Is it possible, though, to know that someone committed a crime without knowing all of the details of how they committed the crime? Constructive knowledge. I think the constructive knowledge is better understood. Do you know – you knew or should have known that the person was being caused to engage in commercial sex. Did you know that for a fact? Maybe not, but you should have known because if you saw that person's circumstances, it would have been obvious that they were under duress, they were being mistreated, they were under 18. Any of those things would have absolutely furthered – you should have known from the circumstances what you were seeing going on with this victim. And this comes up in the hotel cases all the time because you have these hotel – the cases – Riccio, the Riccio case, I think it's called McLean v. Riccio from the First Circuit, was a hotel owner. And that hotel owner knew or should have known that this person was being trafficked because he had worked with the trafficker before. They high-fived the trafficker in the parking lot. And it was obvious that they were high-fiving and saying, let's get this thing going again because they had done it before. And he saw her there in the parking lot being dragged by the trafficker into the hotel and she was pleading for help and he ignored it. That's the kind of should have known. Did he know she was being trafficked? And the court even went so far as to say that they never consummated the trafficking in the sense of him offering her to anyone else. But the hotel owner should have known that she was being trafficked. And that was the holding of Riccio. In that case, the difference between that case and this case is in that case, I think the plaintiff could allege in the complaint facts that the defendant should have known that the elements of 1591 were violated or satisfied. Correct. And that's exactly what the First Circuit – not 1595, 1591. Right. I would have thought the problem though here is in essence we're not attacking – we're not trying to deal with one hotel owner and one plaintiff. We're talking about at least a national scale enterprise. So that takes you, I think, most quickly to the Redruth Inn case, which is the Eleventh Circuit case that deals with an analogous situation but one involving franchisors. Not the hotel owner, but the franchisor who was providing policies to the hotel owners, overseeing their activities, training their employees, et cetera. So in the Redruth Inn case – But in that case, don't they stop at step two and don't get to the last question as to the does? In that case, they find there was no participation in a venture relating to the does. Right. So they do acknowledge the – in fact, they state outright the requirement that there needs to be knowledge and participation by the franchisors in a venture that involves the does. Right. As to the does is the critical thing there. Yes. As to GG is the critical thing here. Exactly. As to the does, they had to show that. And the courts said they didn't show that because they didn't show any kind of participation in any venture that involved them. The hotels knew there was a trafficking problem in the industry. They had looked at online reviews of some of the hotels, even the locations in question, and had seen reports of people saying there's illegal activity, there's prostitution, and there's trafficking at these hotels. They had seen that, and the Eleventh Circuit said that's not enough to show participation in this venture involving these does and this trafficking. So that was the Eleventh Circuit decision. And if I could just touch briefly – oh, I'm out of time. Any other questions? Just a moment. Let me just throw out an impression and invite your comment, if I could, Ms. Lindsley. The Faust argument – I have trouble understanding the so-called plain language argument that you made and that the Ninth Circuit adopted in the Reddit case. But the argument seems to assume that civil and criminal liability have to be congruent for every actor here. That's between 1591 and 1595. No? No, Your Honor, because 1591 comes into play only when the defendant otherwise would be protected by Section 230. So in the wide swath of cases involving hotels and other actors who aren't subject to Section 230, 1595 is completely unchanged. The only time it comes into play is as an exception to Section 230. So you're presupposing an interactive computer service provider. I am presupposing 230 for purposes of this argument. But regardless of the product or service being provided, and I go back to my original question to you about what meaning you give the knowing benefit – it is possible to knowingly benefit financially from participating in a venture, which that person knew or should have known is engaged in an act in violation of this chapter, without committing a violation of 1591, correct? Correct. That means criminally liable. Correct, except to the extent that 1591A2 provides for venture liability. Well, it provides for beneficiary criminal liability, correct? Correct. On actual knowledge as opposed to constructive knowledge. Correct. Yes. Right? So we can split, but we can split between civil and criminal liability for this participant liability, correct? Right. Okay. And I guess, so in such a case, it sounds to me like then the participant would be civilly liable under 1595 without being able to prove they are criminally liable under 1591 with actual knowledge, correct? Except for FOSTA. Under FOSTA, that's changed. Congress specifically made it the law that if you're suing an interactive computer service provider who otherwise would be protected by Section 230, you must show criminal intent. You must show a violation of the criminal statute. That's exactly the words that the statute says. Well, you have to show that somebody violated it. That's the question, right? May I answer that? Yes, of course. So starting with the statutory text, FOSTA exempts any claim in a civil action if the conduct underlying the claim constitutes a violation of 1591. Somebody has to violate 1591. For several reasons, I think that somebody is the civil defendant, and there's many textual clues, I think, that point in that direction. One is that any claim in the civil action obviously relates to conduct underlying the claim. Now, if all Congress had meant to say is that somebody has to violate 1591 so it's a predicate to this exemption, why would they have said the conduct underlying the claim constitutes a violation? That is setting up a standard of proof that the plaintiff has to meet in the civil case against somebody, and it wouldn't make any sense for the plaintiff to have the burden to show that the conduct underlying the unrelated activity that gave rise to the claim, that's not at issue in the case, constitutes a violation of Section 1591. If your theory is correct, it would have been much simpler to write 5A to say any claim in a civil action brought under Section 1595 of Title 18 against a party who violated Section 1591 of this title. But you still have to—the Congress still has to set up that it's going to be adjudicated in the civil action. If you set it that way, that sounds like somebody might read that as requiring that person to have been previously convicted of a violation. That's an old RICO argument that's been disregarded for decades, right? But I mean— You just have to prove the violation. Congress could have done it that way, but I think the way they did it is clear. The conduct underlying the civil claim constitutes a violation of 1591. But if there was any doubt about it, if you look at the provision, as we argued in our brief, that—first of all, you look at the two criminal exemptions that immediately follow the one we cite. Those are state law criminal charges if the conduct underlying the charge violates 1591 or in the next one violates 2421A, which are the federal criminal statutes. So as multiple courts, including the Ninth Circuit and Reddit, have pointed out, the construction of those three exemptions is identical. You don't think that allows for, in essence, vicarious criminal liability there? In essence, either aid or abettor, associate, conspirator, et cetera? It's just saying that if the conduct underlying the charge against the state criminal defendant must constitute a violation of the federal trafficking laws. And then just third is we would point to the legislative history where Congress, initially in the original bill, had a provision that said any claim under 1595 would be exempted. That raised alarm bells, among others with the industry and Internet experts, that said that that would subject the entire Internet to a negligent standard to make sure that content that people were putting up didn't relate to sex trafficking. So it would sort of undo Section 230, not just as the particular topic, but for every topic, because you'd have to engage in monitoring of all content. And that was what it was after. So in essence, it would be replacing the word the with any, underlying the claim with underlying any claim under 1591. What the Congress did was actually it added the words if the conduct underlying the claim. That's what I'm asking. Yes, violated section or constituted a violation of Section 1591. So that change occurred right after these hearings where all these witnesses were testifying. And the floor statements, even though I don't usually like to cite them, are pretty clear as to why that happened. It was because of that particular concern. There's no other questions. Thanks for letting me go over. Thank you. Thank you, Mr. Lindsey. Okay, Mr. Harris, we'll give you your five minutes. Thank you. Please report. Judge Hamilton, let me start out and address two points you just raised. One is it wouldn't have been much simpler for Congress to write a different way. That's exactly right. In fact, Congress did that in Section 1595D. That's the parent's patriot statute. Congress authorized state attorneys general to bring a civil action against, quote, any person who violates Section 1591. Real easy. That's the way Congress did it there. But in 230E5, instead of requiring that the defendant violate Section 1591, Congress required an underlying violation of Section 1591. Those different words mean different things. That would be a very convoluted way to say something very simple that Congress said simply elsewhere. Judge Hamilton, also to your question about is it possible to violate 1595 without violating Section 1591? The answer is absolutely. The civil defendant in 1591 does not have to have met all the elements and have a criminal violation of 1591. That's the purpose of 1595. It's remedial statute. It should be applied broadly. And I understand, Judge, your questions about, well, don't you have to look at the person and know, have specific? Yeah, but you can't just say should have known of a violation of 1591 in the abstract. 1591 means something, and it says something. So get rid of the title 1591. I think you have to allege should have known that. Now, what does 1591 say? Should have known that the person was under 18 and sex trafficked. That's what the statute says. Maybe you can react to this. I don't know. How do you say we're just going to take 1591 in the abstract and boil it all down and what it means is sex trafficking? And there is a requirement that there is a new or should have known standard of a violation of 1591. I agree with you, Judge. Where I think 1595 should be read differently is there is no requirement in 1595 that the civil plaintiff know that the person trafficked by the venture is the plaintiff standing there. There is a requirement. You have to know that the venture engaged in sex trafficking of a person with the requirements of 1591. It may be one person. It may be 50. No, no, no. It has to be the person. That's the problem. I don't think you can just take 1591 which says the person and then say 1595 changes 1591 from the person to a person. You see, that's the trouble. A violation of this chapter, a violation of 1591, a violation of what? What does 1591 say? 1591 says the person. That's where the law is very, very narrow once we get down to 1591. I think we have to just look at the language of 1595 and what Congress intended from that language. I don't believe there's any indication that Congress intended it to be that specific plaintiff. That's just a matter of statutory interpretation of 1595. What particular injury did Salesforce cause to Gigi? What was the first part of that, Your Honor? Particularized injury. Did Salesforce cause? Salesforce engaged in a venture that engaged in sex trafficking. Salesforce participated in a venture that engaged in sex trafficking. The venture trafficked Gigi, which caused all of the injuries that were caused to her as a result of the sex trafficking, the mental anguish, et cetera, the physical harm. It was all of those that the venture was responsible for. What evidence do we have or any facts or allegations that Salesforce provided personalized technology? I know we say that word a lot in the complaint, but what evidence do we have of that? Paragraph 45, they talked to the customer. Paragraph 33, specific customers had unique needs. Paragraph 48, back page, consulted with the Salesforce to assess the operational needs. Those are a few that are set out all in our brief, but those are a few specific chapters about specific needs. Also, paragraphs 44 to 46, I think I've given you most of those. But those specific chapters, I believe, have that allegation. Thank you, Mr. Harris. Thank you, Your Honor. This court should reverse and remand for further proceedings so that this case may be tried on the merits. Thank you very much. Thank you, counsel. The case will be taken under advisement.